IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

DANE W. KUYKENDALL and
CHARLENE K. KUYKENDALL,

      Plaintiffs,

v.                               Civ. Action No. 1:19-CV-137
                                           (Kleeh)

MILLER TRANSPORTING, INC., and
JOHN DOE PERSONS AND/OR ENTITIES,

      Defendants.

**MEMORANDUM OPINION AND ORDER DENYING DEFENDANT
MILLER TRANSPORTING, INC.'S CONSOLIDATED PARTIAL
MOTION TO DISMISS AND MOTION TO STRIKE [ECF NO. 4]**

Pending before the Court is Defendant Miller Transporting, Inc.'s *Consolidated Partial Motion to Dismiss and Motion to Strike*. ECF No. 4. Plaintiffs filed their response in opposition. Defendant has not filed a reply. Regardless, the motion is ripe for consideration. For the reasons discussed, the Court denies the motion.

## I.    PROCEDURAL HISTORY

On June 14, 2019, Plaintiffs Dane W. Kuykendall and Charlene K. Kuykendall ("Plaintiffs") filed their Complaint in the Circuit Court of Monongalia County. ECF No. 1 at ¶1. Defendant Miller Transporting, Inc. removed the matter to the United States District Court for the Northern District of West Virginia on June 17, 2019.

Defendant filed its Answer to the Complaint on July 23, 2019. ECF No. 5. The pending motion was filed the same day. ECF No. 4.

## II. FACTUAL BACKGROUND

According to the Complaint,[1] on or about June 16, 2017, Plaintiff Dane W. Kuykendall, while working as a chemical operator with Addivant, was loading a Miller Transporting, Inc. tanker truck. ECF No. 1-1 at ¶¶6-7. As part of his work, he pressurized the tank of the truck to test for leaks. Id. He found a leak on the tank of the truck near a three-inch cleanout cap. Id. at ¶8. Plaintiff attempted to tap the cap into place according to standard operating procedures. Id. at ¶9. The cap, under pressure, blew off and struck Plaintiff in the face. Id. at ¶10. Plaintiffs allege the tanker truck had not been pressure tested nor did it have a pressure certificate. Id. at ¶12. Likewise, Plaintiffs allege Addivant discovered the cap did not have the proper gasket. Id. at ¶13.

Plaintiffs claim a number of categories of compensatory damages based on Defendant's alleged negligence and/or reckless conduct. Id. at ¶¶14-18. The Complaint further alleges Addivant discovered Defendant Miller had sent trucks with "numerous prior issues ... out of compliance." Id. at ¶11. Plaintiffs also allege

---

[1] Of course, the Court is required to accept all the Complaint's allegations as true and to draw all reasonable inferences from those facts in Plaintiffs' favor. See Lambert v. Hall, 5:17-CV-01189, 2017 WL 2873050, at *2 (S.D.W. Va. July 5, 2017).

2

Defendants' "acts and/or omissions ... were willful, wanton, malicious, reckless, grossly negligent and/or done with criminal indifference to the obligations of the defendants and/or the civil rights of the plaintiff ..." Id. at ¶19. Based on this, Plaintiffs also seek an award of punitive damages. Id.

### III. STANDARD OF REVIEW

Rule 12(b)(6) of the Federal Rules of Civil Procedure allows a defendant to move for dismissal upon the ground that a complaint does not "state a claim upon which relief can be granted." In ruling on a motion to dismiss, a court "must accept as true all of the factual allegations contained in the complaint." Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

A motion to dismiss under Rule 12(6)(b) tests the "legal sufficiency of a complaint." Francis v. Giacomelli, 588 F.3d 186, 192 (4th Cir. 2009). A court should dismiss a complaint if it does not contain "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The factual

3

allegations "must be enough to raise a right to relief above a speculative level." Twombly, 550 U.S. at 545. The facts must constitute more than "a formulaic recitation of the elements of a cause of action." Id. at 555. A motion to dismiss "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 942, 952 (4th Cir. 1992).

Rule 12(f) of the Federal Rules of Civil Procedure authorizes courts to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Such motions are "generally viewed with disfavor" and regarded as a "drastic remedy." Waters v. Electrolux Home Products, Inc., 154 F. Supp.3d 340, 345 (N.D.W. Va. 2015)(internal citations and quotations omitted).

## IV. DISCUSSION

Defendant seeks dismissal of Plaintiffs' claim for punitive damages because of a purported lack of a factual basis while also requesting this Court strike certain allegations, specifically paragraphs 14, 15 and 16 to the extent those paragraphs use the word "reckless" and the entirety of paragraph 19 from the Complaint. More conversationally, Defendant seeks to have its cake and eat it too. Its request must be denied.

To sustain an award of punitive damages, a plaintiff must establish, by clear and convincing evidence,[2] that a defendant's conduct was "with actual malice toward the plaintiff or a conscious, reckless and outrageous indifference to the health, safety and welfare of others." W. Va. Code §55-7-29(a). Although the factual basis for Plaintiffs' punitive damages claim is not described in overwhelming detail, Plaintiffs' Complaint does allege that there were, upon Plaintiffs' information and belief, prior "issues" with Defendant's trucks "being out of compliance." Plaintiffs also allege a failure to pressure test or certify the tanker truck. The Complaint goes on to allege that such acts or omissions – and the others alleged – were, among other things, "reckless" and with "criminal indifference ... to the rights of the plaintiffs." Considering the applicable standard, the Court cannot say Plaintiffs' punitive damages claim is not plausible on its face. The Twombly and Iqbal standards certainly require more than the traditional notion of "notice pleading." Plaintiffs may have been better served to more closely track the statutory language (as opposed to the formerly governing standard from the Supreme Court of Appeals of West Virginia); however, their

---

[2] This is an evidentiary standard established by statute. The Court need not, and will not, assess whether Plaintiffs can sustain that burden at this early stage of this litigation and discovery. While its motion is denied, Defendant is certainly welcome to renew its challenge to the propriety of a punitive damages claim prior to any trial in this matter.

5

Complaint provides "notice" to Defendant that they seek punitive damages and the Complaint's allegations although, again, sparse, give rise to a plausible claim for punitive damages relief. Therefore, Defendant's Partial Motion to Dismiss [ECF No. 4] must be denied.

Defendant also seeks certain allegations be stricken under the disfavored provisions of Rule 12(f). The specific allegations made subject of that motion are the very basis for Plaintiffs' punitive damages claim. Because the Court has denied the partial motion to dismiss and considering the "drastic" nature of the relief sought, Defendant's Motion to Strike [ECF No. 4] is likewise denied.

## V.    CONCLUSION

Because Plaintiffs have stated a plausible claim for punitive damages, Defendant's Partial Motion to Dismiss [ECF No. 4] is **DENIED**. For the reasons discussed, Defendant's Motion to Strike [ECF No. 4] is also **DENIED**.

It is so **ORDERED**.

The Clerk is directed to transmit copies of this Order to counsel of record.

**DATED**: March 23, 2020

>                               */s/* Thomas S. Kleeh
>                               THOMAS S. KLEEH
>                               UNITED STATES DISTRICT JUDGE